UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor  <br>United States Department of Labor,  <br><br>Plaintiff,  <br><br>v.  <br><br>ROBERT FEIGE individually and  <br>As fiduciary of the Benes Communications, Inc.  <br>401(k) Profit Sharing Plan  <br><br>Defendant. | CIVIL ACTION  <br>FILE NO. |

# COMPLAINT

Elaine L. Chao, Secretary of the United States Department of Labor, hereby alleges:

## I. JURISDICTION and VENUE

(1) This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and is brought to obtain equitable relief, to redress violations, and to obtain other appropriate relief necessary to enforce the provisions of Title I of ERISA, pursuant to ERISA §§ 502(a)(2) and (5), 29 U.S.C., §§ 1132(a)(2) and (5).

(2) The Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

(3) Venue of this action lies in the District of Massachusetts pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

(4) Defendant Robert Feige resides at 46 Cartwright Road, Wellesley MA 02482, within the jurisdiction of this Court

(5) Michael Benes Communications, Inc., (hereinafter "Benes Communications") during the pertinent period of April 1, 2004 through February 28, 2005 was an employer within the meaning of ERISA § 3(5), 29 U.S.C. §1002(5), and a corporation having an office and place of business at 12 Waltham Street, Lexington, Massachusetts, 02421, within the jurisdiction of this Court.

(6) Benes Communications also had an office at 1840 Massachusetts Avenue, Lexington, Massachusetts 02173, within the jurisdiction of this Court.

Elaine L. Chao, Secretary of the United States Department of Labor, hereby alleges:

## II. THE PARTIES

(7) Benes Communications was incorporated in the Commonwealth of Massachusetts as a type "S" Corporation.

(8) Benes Communications is defunct, having ceased business activities on or about February 4, 2005.

(9) The Benes Communications, Inc. 401(k) Profit Sharing Plan (hereinafter "the Plan"), is an employee benefit plan within the meaning of ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A), and is covered under ERISA pursuant to § 4(a), 29 U.S.C. § 1003(a).

(10) Benes Communications was the sponsor of the Plan, as defined by ERISA § 3(16)(B)(i), 29 U.S.C. § 1002(16)(B)(i).

(11) At all relevant times, Benes Communications was the Plan Administrator of the Plan as defined by ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A).

(12) As Plan Administrator, Benes Communications was a fiduciary with respect to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

(13) Defendant Robert Feige was the President, Treasurer, Secretary, Director and majority owner of Benes Communications.

(14) At all relevant times, as a fiduciary to the Plan, named Plan Administrator, and employer of employees covered under the Plan, Benes Communications was a "party in interest" to the Plan within the meaning of section 3(14)(A) and (C) of ERISA, 29 U.S.C. § 1002(14)(A) and (C).

(15) At all relevant times, Defendant Robert Feige was the trustee of the Plan.

(16) As the trustee of the Plan, Defendant Robert Feige was, and remains, a fiduciary with respect to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

(17) As the trustee of the Plan, Defendant Robert Feige had, and continues to have until properly concluded, fiduciary responsibilities to the Plan and its participants and beneficiaries.  Such responsibilities include, but are not limited to, managing Plan assets and taking prudent measures to protect Plan assets as well as taking prudent measures to recover any missing assets belonging to the Plan.

### III.  THE PLAN'S ADMINISTRATION

(18) The Plan was funded primarily through employee contributions and employer matching contributions.

(19) Employees contributed to the Plan through salary deferral withholdings.

(20) In June and July 2005, Defendant Robert Feige, aware of employee salary withholdings and unpaid employer contributions which were never forwarded to the Plan,

nevertheless took steps to terminate the Plan without taking proper measures to recover those monies dedicated for contribution to the participants' Plan accounts.

(21)  The Plan still holds approximately $11,000 in Plan assets which belong to participants of the Plan.

(22) Defendant Robert Feige authorized and received his Plan distribution in the amount of $18,990.05 via a check dated July 29, 2005.

## IV.  CLAIMS FOR RELIEF

(23) Pursuant to Rule 10(c), Fed. Civ. P., the Secretary adopts and incorporates by reference the averments and allegations of paragraphs 1 through 22, inclusive.

 (24) Defendant Robert Feige, as Trustee of the Plan and as President and majority owner of the Plan Administrator, was ultimately responsible for ensuring that employee contributions that were deducted from Benes Communications, Inc.'s payroll were forwarded to the Plan.

(25) Between approximately, April 1, 2004 to February 28, 2005, Defendant Robert Feige caused or permitted to be withheld, TWENTY-FIVE THOUSAND TWO HUNDRED EIGHTY-FOUR DOLLARS ($25,284) in employee salaries for contribution to the Plan.

(26) Pursuant to ERISA Regulations, employee withholdings designated for contribution to an ERISA plan become assets of that plan as soon as they can be reasonably segregated from the assets of the employer and in no event later than fifteen (15) business days following the month in which the monies were withheld from employee compensation.  29 C.F.R. § 2510.3-102.

(27) Defendant Robert Feige and Benes Communications, Inc. both failed to properly forward to the Plan employee salary deferrals designated for contribution to the Plan for the time period of April 1, 2004 to February 28, 2005. Such employee salary deferrals remained in the corporate accounts of Benes Communications in the principal amount of TWENTY-FIVE THOUSAND TWO HUNDRED EIGHTY-FOUR DOLLARS ($25,284).

(28) Defendant Robert Feige failed to take prudent or effective measures to ensure that all employee contributions to the Plan were forwarded to the Plan.

(29) Defendant Robert Feige failed to segregate Plan assets from the general assets of Benes Communications, Inc.

(30) Defendant Robert Feige caused or allowed employee contributions intended for the Plan to be used for purposes unrelated to the Plan.

(31) The failure of Defendant Robert Feige to remit or cause the forwarding of employee contributions to the Plan resulted in losses to the Plan in the amount of the un-remitted contributions, plus lost earnings on the un-remitted contributions.

(32) The governing Plan documents provide that no assets of the Plan shall be diverted for purposes other than for the exclusive benefit of Plan participants and their beneficiaries and that employees "will always be 100% vested in the amount you deferred" and provide also for a required employer matching contribution of up to six percent (6%) of Plan participants' elective salary withholding contribution amount.

(33) At least THIRTY SEVEN THOUSAND THREE HUNDRED SEVENTY-EIGHT DOLLARS ($37,378) in employer matching contributions were not forwarded to the Plan.

(34) Defendant Robert Feige failed to prudently seek collection of the employer matching contributions for the Plan.

(35) Defendant Robert Feige served as the person fulfilling administration duties for the Plan Administrator, Benes Communications, Inc. as demonstrated by his representations on the required annual reports filed with the U.S. Department of Labor ("Forms 5500") on behalf of the Plan.

(36) For Plan Years 2004 to the present, the Plan Administrator failed, without good cause, to properly and timely file with the U.S. Department of Labor requisite annual reports ("Forms 5500").

(37) Defendant Robert Feige has abandoned the Plan and avoided his fiduciary duties to the Plan.

(38) By causing, engaging in, or allowing the acts or omissions set forth in paragraphs 27 - 31, Defendant Robert Feige breached his fiduciary duties to the Plan by failing to ensure that all assets of the Plan were held in trust, in violation of Section 403(a) of ERISA, 29 U.S.C. §1103(a).

(39) By causing, engaging in or allowing the acts or omissions set forth in paragraphs 27 - 31, Defendant Robert Feige breached his fiduciary duties to the Plan by failing to ensure the assets of the Plan did not inure to the benefit of the employer and were held for the exclusive purpose of providing benefits to participants and beneficiaries of the Plan, omissions in violation of section 403(c)(1) of ERISA, 29 U.S.C. § 1103(c)(1).

(40) By causing, engaging in or allowing the acts or omissions set forth in paragraphs 27 - 34, 36 and 37 Defendant Robert Feige breached his fiduciary duties by

6

failing to discharge his obligations with respect to the Plan solely in the interest of the participants and beneficiaries of the Plans and for the exclusive purpose of providing benefits and defraying reasonable expenses of plan administration, in violation of section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A).

(41) By causing, engaging in or allowing the acts or omissions set forth in paragraphs 27 - 34, 36 and 37 Defendant Robert Feige breached his fiduciary duties by failing to discharge his obligations with respect to the Plan with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of section 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B).

(42) By causing, engaging in or allowing the acts or omissions set forth in paragraphs 27 - 34, 36 and 37 Defendant Robert Feige breached his fiduciary duties by failing to discharge his obligations with respect to the Plan in accordance with the documents and instruments governing the Plan, in violation of section 404(a)(1)(D) of ERISA, 29 U.S.C. § 1104(a)(1)(D).

(43) Through his actions as described in paragraphs 27 - 31, Defendant Robert Feige breached his fiduciary duties to the Plan by causing or permitting the Plan to engage in prohibited transactions involving the transfer or use of Plan assets by a party-in-interest, Benes Communications, in violation of ERISA section 406(a)(1)(D), 29 U.S.C. § 1106 (a)(1)(D).

(44) Through his actions as described in paragraphs 27 - 31, Defendant Robert Feige breached his fiduciary duties to the Plan by causing or permitting the Plan to

engage in prohibited transactions through dealing with the assets of the Plan in his own interest, in violation of ERISA section 406(b)(1), 29 U.S.C. § 1106 (b)(1).

(45) Through his actions as described in paragraphs 27 - 31, Defendant Robert Feige breached his fiduciary duties to the Plan through taking actions involving the Plan on behalf of a party whose interests were adverse to the interests of the Plan and Plan participants and beneficiaries, in violation of ERISA section 406(b)(2), 29 U.S.C. § 1106 (b)(2).

(46) As a result of the conduct set forth at paragraph 36, Defendant Robert Feige, as the functional plan administrator for Benes Communications violated ERISA § 103(a), 29 U.S.C. § 103(a) and ERISA § 104(a), 29 U.S.C. § 1024(a).

**WHEREFORE**, pursuant to section 502(a)(2) and (5) of ERISA, 29 U.S.C. § 1132(a)(2) and (5), Plaintiff prays that the Court:

A. Order Defendant Robert Feige to restore to the Plan all losses, including interest or lost earnings, which occurred as a result of his breaches of fiduciary obligations, and to correct all prohibited transactions;

B. Order Defendant Robert Feige to properly make or cause all distributions owed to Plan participants after all losses to the Plan have been restored;

C. After proper distribution of all Plan assets, permanently bar Defendant Robert Feige from serving as a fiduciary for any employee benefit plan subject to ERISA. Such bar shall include but not be limited to prohibiting Defendant Robert Feige from exercising control over the administration of any ERISA plan and/or control over any ERISA plan assets.

  D. Order Defendant Robert Feige to properly file and submit all required annual reports of the Plan;

  E. Enjoin Defendant Robert Feige from engaging in any further violations of Title I of ERISA;

  F. Award Plaintiff the costs of this action; and

  G. Provide such other relief as may be just and equitable.

Gregory F. Jacob
Solicitor of Labor

Frank V. McDermott, Jr.
Regional Solicitor


*/s/ Donald E. d'Entremont*
Donald E. d'Entremont
Attorney
MA BBO # 558834

U.S. Department of Labor
Attorneys for Plaintiff

Post Office Address:

U.S. Department of Labor
Office of the Solicitor
JFK Federal Building
Room E-375
Boston, MA  02203
TEL: (617) 565-2500
FAX: (617) 565-2142


DATE:  April 2, 2008

Complaint for <u>Chao v. Feige.</u>