UNITED STATES DISTRICT COURT
<u>DISTRICT OF MASSACHUSETTS</u>

| | |
|---|---|
| HILDA L. SOLIS[1], Secretary of Labor<br>United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT FEIGE individually and<br>As fiduciary of the Benes Communications, Inc.<br>401(k) Profit Sharing Plan<br><br>Defendant. | <u>CIVIL ACTION FILE NO.</u>:<br>08-CV-10556-RGS |

## CONSENT JUDGMENT AND ORDER

Defendant Robert Feige and Plaintiff, Hilda L. Solis, Secretary of Labor, United States Department of Labor (the "Secretary"), have agreed to resolve all matters in controversy in this action and said parties do now consent to entry of a Judgment and Order by this Court in accordance herewith.

By consenting to this Order, Defendant has admitted to the jurisdiction of this Court over him and over the subject matter of this action.

The parties understand that nothing in this Consent Judgment and Order is binding on any governmental agency other than the United States Department of Labor.

Upon consideration of the record herein, and as agreed to by the parties, the Court finds that it has jurisdiction to enter this Consent Judgment and Order.

WHEREAS, Defendant and Plaintiff having agreed to the terms of this Consent Judgment and Order, subject to its approval by the Court and with due consideration and being fully advised of the premises,

---

[1] Hilda L. Solis has been substituted for Elaine L. Chao as U.S. Secretary of Labor.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Within seventy-five (75) days after entry of this Order, Robert Feige shall pay TWENTY-FIVE THOUSAND TWO HUNDRED EIGHTY FOUR DOLLARS ($25,284) to the Benes Communications, Inc. 401(k) Profit Sharing Plan. Such amount represents the principal sum withheld from the salaries of former employees of Michael Benes Communications, Inc. which should have been forwarded to the trust fund of the Benes Communications, Inc. 401(k) Profit Sharing Plan.

2. Within ninety-five (95) days after entry of this Order and after all payments under this Order have been made by Robert Feige to the Benes Communications, Inc. 401(k) Profit Sharing Plan, which total TWENTY-FIVE THOUSAND TWO HUNDRED EIGHTY FOUR DOLLARS ($25,284), Robert Feige shall send by first class mail to each participant in the Benes Communications, Inc. 401(k) Profit Sharing Plan, a copy of this Consent Judgment and Order and the corresponding Complaint together with proof of the payments made hereunder. Robert Feige shall comply with U.S. Department of Labor Field Assistance Bulletin No. 2004-02 as to the procedures to follow when a participant in the Benes Communications, Inc. 401(k) Profit Sharing Plan cannot be located. Such procedures shall include but not be limited to use of the letter-forwarding service of the Internal Revenue Service. Proof of required payments shall consist of a formal acknowledgement by the applicable financial institution of receipt of the payments made. Such proof shall include an account statement demonstrating the applicable deposits. Robert Feige shall bear any and all costs affiliated with all mailings required herein.

3. Within one hundred twenty (120) days after entry of this Order and after all payments under this Order have been made by Robert Feige to the Benes Communications, Inc. 401(k) Profit Sharing Plan, Robert Feige shall send by first class

mail proof of the required payments made hereunder to: Jean Ackerman, Regional Director, U.S. Department of Labor, Employee Benefits Security Administration, JFK Federal Building, Room 575, Boston, MA 02203. Such proof shall contain a formal acknowledgement by the applicable financial institution demonstrating receipt of the payments made by Robert Feige to the Benes Communications, Inc. 401(k) Profit Sharing Plan. Such proof shall include an account statement demonstrating the applicable deposits.

4. Within one hundred twenty (120) days after entry of this Order and after all payments under this Order have been made by Robert Feige to the Benes Communications, Inc. 401(k) Profit Sharing Plan, Robert Feige shall send also to Jean Ackerman, Regional Director, Employee Benefits Security Administration a full and complete accounting of any and all assets of the Benes Communications, Inc. 401(k) Profit Sharing Plan as of that date and a statement of the amounts owed to each and every participant as of that date. Robert Feige shall include in such report, the address of each such participant. Again, Robert Feige shall bear any and all costs affiliated with all mailings required herein.

5. Within one hundred fifty (150) days after entry of this Order and after all payments under this Order have been made by Robert Feige to the Benes Communications, Inc. 401(k) Profit Sharing Plan, Robert Feige shall properly and promptly distribute all assets of the Benes Communications, Inc. 401(k) Profit Sharing Plan to the appropriate participants in the proper amounts and send proof of such to Jean Ackerman, Regional Director, Employee Benefits Security Administration at the address above. Again, Robert Feige shall comply with U.S. Department of Labor Field Assistance Bulletin No. 2004-02 as to the procedures to follow when a participant in the Benes Communications, Inc. 401(k) Profit Sharing Plan cannot be located. Such procedures shall include but not be limited to use of the letter-forwarding service of the Internal Revenue Service. Any and all administrative costs affiliated with the monetary

distributions required herein shall be paid in accordance with the provisions of the governing documents of the Benes Communications, Inc. 401(k) Profit Sharing Plan or by Robert Feige if no other named party exists to pay such costs.

6. Within one hundred eighty (180) days after entry of this Order, and after all payments under this Order have been made by Robert Feige to the Benes Communications, Inc. 401(k) Profit Sharing Plan, Robert Feige shall properly and promptly terminate the Benes Communications, Inc. 401(k) Profit Sharing Plan. Such termination shall include the filing of any and all required Forms 5500. Any and all administrative costs affiliated with the termination of the Benes Communications, Inc. 401(k) Profit Sharing Plan shall be paid in accordance with the provisions of the governing documents of the Benes Communications, Inc. 401(k) Profit Sharing Plan or by Robert Feige if no other named party exists to pay such costs.

7. Beginning thirty (30) days after all the obligations set forth above have been fully satisfied, Robert Feige shall be permanently enjoined from acting in a fiduciary capacity within the meaning of ERISA §3(21), 29 U.S.C. §1002(21), including but not limited to refraining from serving as a Trustee or Administrator with respect to any ERISA-covered employee benefit plan.

8. In all matters involving payments, reports, and other obligations and duties under this Order, Robert Feige shall be required to cooperate fully and promptly in good faith with the U.S. Department of Labor and its constituent parts.

## FEES, COSTS & EXPENSES

9. Each party shall bear its own fees, costs and expenses in connection with this action.

## AUTHORIZED PARTIES

10. The individuals executing this Consent Judgment and Order on behalf of the parties hereto certify that they have been authorized by the parties to do so.

## CONTINUING JURISDICTION

11. The Court shall maintain jurisdiction over this matter only for the purpose of enforcing this Consent Judgment and Order.

IT IS SO ORDERED THIS 14th DAY OF October, 2009

_____
United States District Court Judge
Honorable Richard G. Stearns


Defendant Robert Feige hereby moves for entry of this Judgment and Order:

_____  Dated: 10-1-09
By: Robert Feige
Individually, and as fiduciary of the
Benes Communications, Inc. 401(k) Profit Sharing Plan

Plaintiff, Hilda L. Solis, Secretary of Labor, hereby moves for entry of this Judgment and Order:

Carol A. DeDeo
Deputy Solicitor for
National Operations

Michael D. Felsen
Acting Regional Solicitor

_____  Dated: 10/02/09
Donald E. d'Entremont
Attorney

U.S. Department of Labor
Attorneys for Plaintiff

*Consent Judgment and Order Hilda L. Solis, Secretary of Labor v. Feige*

5